IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:23-cr-00469 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| HAROLD PEARL, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Defendant Harold Pearl's ("Defendant") Motion to Revoke Detention Order, pursuant to Title 18 U.S.C. Section 3145(b) filed on May 3, 2024 ("Defendant's Motion"). (Doc. No. 31.) On May 24, 2024, and after receiving an extension of time within which to do so, the United States of America filed a Response in Opposition to Defendant's Motion ("the Government's Response"). (Doc. No. 36.) Although given until May 31, 2024 to file a Reply in support of Defendant's Motion, Defendant did not do so. Defendant's Motion is now ripe for a decision.

**Background**

On August 23, 2023, an Indictment was filed charging Defendant with one count of Felon in Possession of Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) on or about July 24, 2023, and five counts of Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) on June 21, June 30, July 6, July 13, and August 4, 2023. (Doc. No. 1.)

On September 6, 2023, Magistrate Judge Grimes conducted a detention hearing and ordered Defendant detained pending trial. (Doc. No. 6.) At the hearing, counsel for the Government and counsel for Defendant agreed that the statutory presumption of detention applies, and Magistrate

Judge Grimes so concluded. (Transcript of 5/9/24 Detention Hearing, Doc. No. 35, PageID # 244; Doc. No. 11, PageID # 41.) The Government proffered some background information, explaining that the charges against Defendant related to a series of undercover operations by the Bureau of Alcohol, Tobacco, Firearms and Explosives; Defendant sold cocaine to undercover ATF agents on six different occasions; and after the case was presented to the Grand Jury for indictment, Defendant sold cocaine again to undercover agents and had another firearm and then sold it to the undercover agents.[1] (Doc. No. 35, PageID #s 246-47.) The Government also proffered the Pretrial Services report (doc. no. 9) which demonstrates that Defendant has: a 2006 conviction for Trafficking Offenses; a 2009 conviction for aggravated menacing; several charges of domestic violence that were dismissed; a 2012 conviction for domestic violence; and a 2020 conviction for attempted domestic violence. The Pretrial Services report also indicates that on May 23, 2023, Defendant was charged with Domestic Violence and Endangering Children, and on June 20, 2023, he was released with GPS monitoring. The Government pointed out that the first buy occurred with ATF on June 21, 2023, the day after he was released. The Government also proffered two exhibits: Exhibit 1 being a police report in Case Number 2023-00102828 for conduct that occurred on April 12, 2023; and Exhibit 2 being a police report as it related to Defendant's conduct on May 26, 2023 that gave rise to the charges of Domestic Violence and Endangering Children in Case Number CR-23-681594 in Cuyahoga County Court of Common Pleas, a case that is still pending against Defendant. The contents of those

---

[1] Indeed, a Superseding Indictment was filed on September 20, 2023, which contained the same six counts set forth in the Indictment, but also included additional charges/counts against Defendant: Distribution of Controlled Substances on August 17, 2023, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); 18 U.S.C. § 2 (Count 7); and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) for possessing a firearm on August 21, 2023 (Count 9).

2

police reports are summarized in the transcript of the detention hearing. (Doc. No. 35, PageID #s 249-251.)

Dolores Sanders, Defendant's mother, was called as a witness by Defendant. Ms. Sanders testified that Defendant has lived with her his entire life of 39 years except when he has stayed with his baby's mother and the kids, and Defendant's entire extended family is from Northeast Ohio. According to Ms. Sanders, Defendant was not working at the time he was arrested; he receives a SSI check because he has had some mental issues since birth that she described more fully, to include oppositional defiant disorder; Defendant has never harmed her and she has never seen him harm anyone else; he has always appeared for court; if released on bond, Defendant would stay with her unless he has someplace else to stay, and if Defendant violated a condition of any bond she would report it to Pretrial Services; and she has never seen him with a controlled substance or a firearm. (Doc. No. 35, PageID #s 255-261.)

After hearing arguments from counsel, Magistrate Judge Grimes concluded that Defendant had not rebutted the presumption in favor of detention, but even if he had, the § 3142 factors weighed in favor of detention. Specifically, Magistrate Judge Grimes found that the charges involving both a firearm and controlled substances weighed in favor of detention; Defendant's past conduct, specifically his willingness to engage in violent acts, demonstrated the weight of the evidence as to dangerousness, weighing in favor of detention; the history and characteristics of Defendant, to include Defendant's life-long residency in Cuyahoga County, completion of the eleventh grade, his mother and siblings living in the area meaning he has close ties to the community, but also including his drug use and being on supervision/GPS monitoring at the time of the offenses alleged in the indictment, also weighed in favor of detention; and the nature and seriousness of the danger to the community

3

based upon drug trafficking and firearms charges, weighed in favor of detention.  (Doc. No. 35, PageID #s 274-277.)

In Defendant's Motion, Defendant asserts that he has rebutted the presumption of detention, citing to the same information that was proffered via the Pretrial Services report and/or evidence by the testimony of Ms. Sanders and considered at the detention hearing, i.e., that he is 39 years old and has lived in the area with his family his entire life and lives with his mother and sisters; he does not own a passport and has never travelled outside the country and has been involved in his minor children's lives since birth. Also, Defense counsel contends that Magistrate Judge Grimes "relied upon" allegations set forth on the record by the Government via submission and discussion of Exhibit 2.  However, the portion of the transcript of the proceedings evidencing Magistrate Judge Grimes's evaluation of the § 3142(g) factors belies this contention because Magistrate Judge Grimes's discussion of Defendant's willingness to engage in violence only included consideration of his aggravated menacing, domestic violence and attempted domestic violence convictions and the charged offenses.  Defendant also argues that he has "consistently appear[ed] in court" in prior criminal proceedings and that fact combined with his ties to the community, demonstrate that he is not a flight risk.  And, Defendant argues that he is not a danger to the community so that he should be released on bond because he has a stable place to live, and is employed and works for his brother (despite his mother testifying that he was not employed and the Pretrial Services report indicating he was not employed).

In the Government's Response, the Government submits that Defendant has not rebutted the presumption that he is a danger to the community and has not presented any additional information

that was not already considered by Magistrate Judge Grimes. Generally speaking, the Government makes the same arguments it made at the detention hearing.

**Discussion**

**Law and Analysis**

18 U.S.C. § 3145(b) provides:

(b) Review of a detention order.—If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. ***

District courts exercise a *de novo* review of a magistrate judge's release or detention order. *United States v. Fitzhugh*, 2016 WL 4727480 (E.D. Mich Sept. 12, 2016) (citations omitted). "[A] district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate but reach its own independent conclusion." *United States v. Leon*, 766 F.2d 77, 80 (2nd Cir.1985).

Title 18 U.S.C. § 3142 "provides the framework for the district court's analysis as to whether release pending trial is proper." *United States v. Williams*, 2020 WL 2529356 (E.D.Tenn. May 18, 2020) (citing *United States v. Webb*, 238 F.3d 426, at *2 (6th Cir. 2000) (table opinion). "The ultimate touchstone of this analysis is 'whether there are conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community.' § 3142(g)." *Id*. Courts must consider the following: (1) the nature and circumstances of the offense charged, including whether it is a crime involving a controlled substance; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, e.g., his or her

5

character, mental and physical condition, family and community ties, financial resources, criminal history, and substance-abuse history; and (4) the nature and seriousness of the danger posed to the community by the defendant's potential release. *Id*.

As far as whether a hearing is required, while the Bail Reform Act is silent about whether a defendant is entitled to an in-court hearing on an appeal of a detention order, there is ample authority for the conclusion that the Court may decide the motion on the filings (including proffers offered by counsel) as opposed to a hearing.  18 U.S.C. § 3145(b) establishes that "[i]f a person is ordered detained by a magistrate judge" that person "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  Upon such a motion, the court must make a *de novo* "determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge." *United States v. Sidbury*, No. LWF-15-184, 2015 WL 8481874, at *1 (E.D.N.C. Dec. 8, 2015) (citing *United States v. Williams*, 753 F.2d 329, 333-34 (4th Cir. 1985)).  The court "may conduct an evidentiary hearing" as part of its review. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988).  However, "there is no statutory requirement that the court hold a hearing" and the court "retains the discretion to decide whether to hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019).  *See also*, *Williams*, 753 F.2d at 331 (recognizing that the court may permit the parties to "introduce proffers of evidence" as an alternative way to allow the introduction of new evidence); *United States v. Hensler*, 18 F.3d 936 (5th Cir. 1994) (holding defendant was not entitled to evidentiary hearing); *King*, 849 F.2d at 490 ("based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct.").

First, the Court finds that Defendant has not presented any information that was not already considered by Magistrate Judge Grimes, other than his assertion that he is employed (which is contradicted by his mother's testimony and the Pretrial Services report). Second, the Court has conducted a *de novo* review of the Pretrial Services report, the Transcript of the detention hearing, the Indictment and the First Superseding Indictment, and the Detention Order, and has independently considered the § 3142 factors. Upon completing its independent *de novo* review, the Court concludes that Magistrate Judge Grimes's findings are supported and that his legal conclusions are correct; and that there is no condition or combination of conditions that would reasonably assure the safety of any person and the community if Defendant was released pending trial. Indeed, this Court finds that detention is the least restrictive means to prevent Defendant from presenting a danger to the community.

Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date: June 5, 2024

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE